York, Appellant, *v.* George et al.

Argued September 26, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Valera Grapp,* with her *Charles Lysle Seif* and *Robert H. Braun, Jr.,* for appellant.

· *D. H. McConnell,* with him *J. R. McNary,* for appellee.

PER CURIAM, October 31, 1944:

Plaintiff sued the Pittsburgh Railways Company and Albert Romstock to recover for injuries received in a collision between the Railways Company's car and Romstock's automobile in which she was a passenger. The jury found in her favor against Romstock in the sum of $20,000.00 and in favor of the Railways Company. Both the plaintiff and the defendant, Romstock, moved for new trial and, after hearing, both motions were refused. Judgment was entered in plaintiff's favor on her verdict against Romstock, and against her on the verdict in favor of the Railways Company.

The docket entries show that the sum of $5,000 was paid into court by Romstock's insurer in full discharge of the policy of insurance issued to him.

After the expiration of the term at which the judgment in favor of the Railways Company was entered, plaintiff filed a motion to open that judgment and for leave to file additional reasons for a new trial. No fraud or other ground of equitable relief appeared. After hearing, the motion was refused. This appeal is from that order.

In the absence of fraud or other sufficient ground for equitable relief, a judgment entered in adverse proceedings will not be opened or set aside after the term at which it was entered. The principle is illustrated in many cases, among them, *Dormont Motors, Inc., v. Hoerr,* 132 Pa. Superior Ct. 567, 570 et seq., 1 A. 2d 493; *Fisher v. Railway Co.,* 185 Pa. 602, 40 A. 97; compare *Bekelja v. James E. Strates Shows Inc.,* 349 Pa. 442, 37 A. 2d 502.

We may add, by the way, that in its opinion refusing the motion, the learned court said: ". . . we have carefully examined the additional reasons which plaintiff now seeks leave to file, and we find no merit in them. Had they been filed before the argument on the motion for a new trial our decision would have been the same."

We affirm the judgment on the ground that neither fraud nor other sufficient equitable ground for relief appears.