## Great American Credit Corporation *v.* Thomas Mini-Markets, Inc. (et al., Appellant).

Argued June 18, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lawrence C. Hutchings*, with him *John B. Brumbelow*, and *Blank, Rome, Klaus & Comisky*, for appellant.

*Lewis Jay Gordon*, with him *Herbert Brener*, and *Meshon and Brener*, for appellee.

OPINION BY JACOBS, J., September 23, 1974:

The sole issue presented in this appeal is whether a court has the power in a contested matter to vacate sua sponte an order or judgment more than 30 days after the close of the term of court in which that order or judgment was entered.

In the case before us, Great American Credit Corp. instituted an assumpsit action against Thomas Mini-

Markets, Inc., Warren D. Scruggs Associates, Inc., and Warren D. Scruggs, individually, to recover the balance due on an installment note and against Continental Bank as guarantor. For reasons not pertinent herein Continental filed a Motion for Summary Judgment. Receiving no timely answer to the motion and believing it to be uncontested, the court entered an order granting Continental's motion for summary judgment.

Subsequently, it was brought to the attention of the court that a letter from appellee, "requesting an extension of time within which to answer the motion, was inadvertently mislaid in transmission through court processes . . . ." Memorandum Opinion by Judge HIRSH at 2. The court, more than 30 days after the close of the term of court, vacated its previous order and entered an order dismissing the Motion for Summary Judgment. It is from this latter order that Continental Bank appeals.

It is well established at common law that the power of a court to open or modify a judgment entered in a contested matter ordinarily expires with the term of entry. *See, e.g., King v. Brooks*, 72 Pa. 363 (1872); *Catlin v. Robinson*, 2 Watts 373 (Pa. 1834).[1] Seeking to prevent any harshness in the application of this rule the legislature adopted the Act of June 1, 1959[2] which extended by a maximum of 30 days the time

---

[1] It is also well established that a judgment by confession or upon default may be opened at any time. *See, e.g., King v. Brooks*, 72 Pa. 363 (1872); *Dormont Motors, Inc. v. Hoerr*, 132 Pa. Superior Ct. 567, 1 A.2d 493 (1938). Because our decision today rests upon equitable .considerations and the inherent power of the courts of this Commonwealth, we need not decide whether a judgment granted as in this case is an "adverse judgment." The same result obtains whether the common law rule is inapplicable or whether it is abrogated by equitable considerations.

[2] Act of June 1, 1959, P.L. 342, §1, 12 P.S. §1032 (Supp. 1974-75).

period within which the courts may ordinarily act. Continental asserts that by virtue of the common law rule even as amplified by the Act of 1959 the court lacked the *power* to vacate its first order. It points out that the order granting the motion for summary judgment was issued on January 31, 1973 and the second order vacating the prior order was filed on June 26, 1973, nearly 5 months later. Continental notes that this is in conflict with the purpose behind the common law rule—of securing to the judgments of the courts a necessary sense of finality and definiteness.

The appellant overlooks, however, the inherent power of the courts of this Commonwealth to act where equity so demands. The court below found that summary judgment was granted improvidently because of its own error. In Pennsylvania "[t]he power of courts to correct their own judgment is inherent . . . ." *Davis v. Commonwealth Trust Co.,* 335 Pa. 387, 390-91, 7 A.2d 3, 5 (1939). "The power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or to supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice . . . ." *Gagnon v. United States,* 193 U.S. 451, 456 (1904).

Where equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment was entered. The Court in *Hambleton v. Yocum,* 108 Pa. 304 (1885), stated that "[o]rdinarily courts . . . 'may open and set aside judgments not only after a term, but after years, governed only by the facts and equity of the case, and by the wise cautions of the Supreme Court as to the rights of third persons.'[3] [O]ur Pennsylvania courts have full chancery powers to relieve against inequitable judgments. . . . [T]he power of the Common

---

[3] In the present case no third party rights are involved.

Pleas [court] to open its judgments is most ample, and that policy requires its liberal use . . . ." *Id.* at 309 (footnote added).[4]

We agree with the lower court that "the facts of this case warrant the granting of the relief sought by the plaintiff. Apparently, plaintiff assumed that the requested extension of time within which to answer the defendant's motion for summary judgment had been granted;[5] indeed, the fact that the answer was filed within the extended period comports with such an interpretation of plaintiff's actions. To deprive plaintiff of an opportunity to defend against the motion would be to penalize him for the court's oversight." Memorandum Opinion at 4 (footnote added).

Order affirmed.

---

[4] Although the *Hambleton* case was one in which the judgment was obtained by fraud, we find its language applicable to this case which also involves important equitable considerations.

[5] We also note that the appellee avers that he received a telephone call stating that his requested extension had been granted and that a copy of appellee's letter to the court requesting an extension was sent to appellant's counsel. Moreover, the delay between the entering of the first Order and the second was, in part, occasioned by the fact that appellee never received notice that the motion for summary judgment had been granted. He had filed an answer and was apparently under the impression that the court was considering the case on the merits as presented in the motion and answer.