428 A.2d 217

**ALLIED DISCOUNT COMPANY, Appellant,**

v.

**Tobe McCLINTON, Rosalee McClinton.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 3, 1981.

Alan B. Liss, Philadelphia, for appellant.

William G. Blasdel, Jr., Philadelphia, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This case is before the Court on an appeal taken by Allied Discount Company from an order of the Common Pleas Court of Philadelphia County opening a judgment for the purpose of counterclaim only, with leave to appellees to file a counterclaim within twenty (20) days from the date of the Order.

The matter arises out of the purchase of a 1971 Cadillac Eldorado automobile by Samuel McClinton, who is the son of Tobe and Rosalee McClinton, the appellees. Samuel McClinton is not a party to this action.

The car was purchased on or about August 10, 1973 from a Cadillac dealer for $6100.00.

Samuel McClinton and the appellees, Tobe McClinton and Rosalee McClinton, his mother and father, signed an installment sales contract obligating them to pay the loan over a 48 month period. The mother and father signed the installment sales contract as co-makers.

The appellees, Tobe McClinton and Rosalee McClinton, claim that they are illiterate and there is a contention by them that various things happened which were misleading to them, however, that does not affect the outcome of this matter.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation. Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

About one month after the purchase, the automobile was stolen and subsequently recovered by the police in a damaged condition. The son then stopped making payments on the loan, allegedly because he believed there was insurance coverage on the stolen, damaged vehicle. This, however, was not true.

Previously, the installment agreement had been assigned to the appellant, Allied Discount Company, and on November 14, 1973, it filed a Complaint in Assumpsit against the appellees only, demanding judgment in the sum of $11,-110.24 plus interest and costs.

There is apparently some disagreement as to how it occurred, but the damaged automobile did come into the possession of the same Cadillac dealer from which it was purchased and who had assigned its interest in the security agreement to the appellant. The appellant sold the damaged automobile for $200.00 after holding it from May, 1974 until September 8, 1975. The sum realized from the sale, $200.00, was credited by appellant against the judgment it had entered against appellees on January 17, 1975 in the sum of $9,019.63.

The judgment above referred to was obtained as the result of the Complaint in Assumpsit which was submitted to an arbitration proceeding in December of 1974. This occurred some seven months after the car came into the possession of the appellant and nine months before the appellant sold it.

The appellants then filed a Writ of Execution listing appellees' home for sheriff's sale on April 4, 1977. When this happened, appellees filed a petition to open the judgment against them for the purpose of permitting only a counterclaim alleging a violation of 12A P.S. 9–504.[1] The appellee denies receiving any notice of the sale of the Cadillac automobile, which was the collateral.

The lower court granted the motion to open the judgment for the purposes of a counterclaim only giving leave to the

1. Uniform Commercial Code 1959, Oct. 2, P.L. 1023; 12A P.S. 1–101 et seq.

appellee to file said counterclaim within twenty (20) days from the date of the order. From this, the appellant, Allied Discount Company, has appealed.

This case presents some difficulty in that the appellees engender sympathy as the result of the misfortune that befell them. As a result of this proceeding they are in the process of losing whatever may have been a down payment on the Cadillac automobile together with the one monthly payment, together with the Cadillac automobile, together with the possibility of losing their home.

We realize that this fact alone does not entitle the appellees to a different solution than it would anyone else. It does, however, indicate to this Court that there may be some equities in the matter that should be explored.

In *Atlas Credit Corporation v. Dolbow*, 193 Pa.Super. 649, 165 A.2d 704 (1960), the court in Delaware County was confronted with a somewhat similar situation except in that case the judgment that was obtained was the result of a confession of judgment clause in a note executed the debtor. The interesting thing, however, is that the debtor asked the lower court to open the judgment in order to permit it to present a counterclaim and the court granted that right. After that was done the court then permitted the petition and answer filed to open the judgment to serve as a Complaint and Answer and the case went to trial. The jury returned a verdict on the counterclaim. The matter eventually was appealed to the Superior Court and among the various questions raised was what effect the opening of the judgment had. The court ruled that the counterclaim was not an attack on the judgment nor was the validity of the judgment questioned, rather it was a claim independent of the proceedings upon which the judgment was based and happened as the result of events which occurred subsequent to the entry of that judgment. The court then relied on Restatement of the Law, Judgments, section 125, which provides:

Subject to general equitable considerations, equitable relief from a valid judgment will be given to a party thereto if circumstances arise after the judgment is rendered

which make it inequitable to enforce the judgment against him.

In the present case, there was an election by Allied Discount Company to bring suit in assumpsit which was proper under the circumstances. The Uniform Commercial Code, section 9–501(1) permits a secured party the option of either suing for the debt or foreclosing on the collateral. The Allied Discount Company, in this case, elected to sue on the debt and get a judgment.

An examination of the Uniform Commercial Code indicates that a creditor has the right to proceed in assumpsit, obtain a judgment, and issue an execution thereon without regard to the various provisions covering default as set forth in Part 9.[2]

The problem that is of concern to the lower court and which led to the rather unusual solution in this case, is attributable to the fact that the appellants have levied on the appellees' home and were in the process of selling it at sheriff's sale when the appellees filed the petition to open the judgment. The concern appears to be that the sheriff's sale will take place before the appellees have the right to exercise a counterclaim.

The counterclaim that the appellees seek to raise in the Petition to Open Judgment is based on their assertion that the sale of the car for $200.00 was not commercially reasonable and that the appellees received no notice of the sale.[3]

Section 128 of Restatement of Judgments provides: "Equitable relief from a judgment will be granted to a party thereto only where adequate relief cannot be obtained by other proceedings." The illustrations given under this section indicate that equitable relief should be considered if other methods of relief cannot be obtained in time to avert harm.

In *Dormont Motors, Inc. v. Hoerr*, 132 Pa.Super. 567 at 570, 1 A.2d 493 (1938), the court states: "The rule that an

2. The appellant elected to pursue this course. While it levied on the appellees' house, it never levied on the car.

3. 12A P.S. 9–504(3) and 9–507.

adverse judgment may not be opened after expiration of the term has been relaxed only when fraud appears or there were circumstances that presented a strong reason for equitable relief." *York v. George*, 350 Pa. 439, 39 A.2d 625 (1944).

The appellees are in the process of losing their home and the question is whether or not this Court should approve a rather practical decision by the lower court to permit the judgment to be opened for the purpose of allowing only a counterclaim. What the court has done in effect, is stay the execution in this matter until the appellees have the right to litigate their counterclaim which may or may not substantially reduce the amount of the judgment and thereby permit them to avoid a sheriff's sale of their home.

We believe that the decision of the lower court is proper under the circumstances. The question involved is a somewhat novel one, yet the result reached by the lower court, in essence, does justice under the circumstances and certainly applies equitable principles that would protect the appellees and would not cause serious additional harm to the appellants since their judgment, as the result of the award of the arbitrators which considered the suit in assumpsit, will not be disturbed.

We therefore affirm the decision of the lower court.