## Sylva Enterprises, Inc. v. Mack Financial Corp.

*Eric P. Smith*, for plaintiff.
*James Mittorne*, for defendant.

BROWN, JR., *P.J.*, August 6, 1982—This matter comes before the court upon a petition for reconsideration of this court's order dated March 23, 1982, filed by defendants Mack Financial Corporation and Mack Trucks, Inc.

On May 5, 1981, a complaint was filed in this court by plaintiffs Sylva Enterprises, Inc., and Sylva Transports, Inc., against defendants. The complaint requests rescission of various contracts entered into between the parties and money damages incurred as a result of the alleged breach of certain contracts. Defendants filed preliminary objections asserting, inter alia, that this court lacks jurisdiction over this matter because plaintiffs have previously filed a petition in bankruptcy in 1979 pursuant to Chapter XI of the Bankruptcy Reform Act of 1978, 11 U.S.C.A. § 1101, et seq. On September 3, 1981, we entered an order dismissing plaintiffs' complaint concluding that this court did not have jurisdiction by virtue of the pending bankruptcy petition. No appeal from that order was taken by plaintiffs. On January 18, 1982, plaintiffs filed a petition for reconsideration and modification of the September 3, 1981, order.

On March 23, 1982, this court granted reconsideration and modified the previous order acknowledging an error committed in its interpretation of the phrase "original but not exclusive" jurisdiction. The court reinstated plaintiffs' complaint to the original term and number.

Defendant then filed a petititon for reconsideration of the March 23, 1982, order asserting that this court lacks authority to amend its orders after 30 days absent fraud, clerical mistakes or similar equitable mistakes of the court. It is this petition for reconsideration that is currently before the court for disposition.

## DISCUSSION

Defendant acknowledges that the decision in the case of Great American Credit Corporation v. Thomas Mini-Markets, Inc., 230 Pa. Super. 210, 326 A. 2d 517 (1974), relied upon by this court in the March 23, 1982, order, creates an exception to the general rule that a court may modify an order only within 30 days of the date of said order. See 42 Pa.C.S.A. §5505. However, defendant maintains that the holding of the Great American case, that amendment beyond the 30-day period may be permitted "where equity demands," should be severely limited and strictly construed. Defendant concludes, therefore, that a court only has authority to amend its order subsequent to the 30-day period on the basis of fraud or when such amendment is "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel or to supply defects or omissions in the record." Great American, supra, 230 Pa. Super. at 213, A. 2d at 159.

We do not agree with such a narrow construction.

The Great American case, in formulating its decision, relied upon the decisions in Davis v. Com-

monwealth Trust Company, 335 Pa. 387, 7 A. 2d 3 (1939), and Hambleton v. Yocum, 108 Pa. 304 (1885). Both of these cases involve mistakes other than mere clerical errors. Clerical errors were involved in the Great American case.

The court in Davis, supra, indirectly amended a previous ruling, after the applicable statutory period for amending orders had run on the basis that the facts and the law so warranted. This was done regardless of any fraud or clerical errors. Following a verdict in favor of plaintiff, defendant sought dismissal of plaintiff's judgment lien entered against the real property of defendant. Defendant's rule to show cause was discharged and the judgment lien was permitted to remain. However, pursuant to a later writ of scire facias, the court held that plaintiff's judgment was not reduced to a lien simply by virtue of the judgment, thereby discharging the lien and reversing its earlier decision despite the expiration of the period within which to amend or modify orders. In Davis, supra, the court's inherent power to correct its own order was exercised despite lack of fraud, clerical errors, counsel inadvertencies or omissions in the record.

In Hambleton, supra, a judgment was opened and an order amended subsequent to the time allowed for amending orders on the basis of fraud. Fraud as an equitable consideration, goes beyond those types of errors committed in the Great American case. This, too, demonstrates that the holding of the Great American case is not to be limited solely to the facts of that case.

As the Pennsylvania Supreme Court succinctly stated in Estate of Gasbarini v. Medical Center of Beaver County, 487 Pa. 266, 270, 409 A. 2d 343, 345 (1979):

"As a general rule, where preliminary objections

are sustained and a Complaint is dismissed, the Order sustaining the preliminary objections and dismissing the Complaint is final and appealable. Cantanese v. Scirica, 437 Pa. 519, 263 A. 2d 372 (1970); Love v. Temple University, 422 Pa. 30, 220 A. 2d 838 (1966). After said appeal time has expired, the doctrine of Doctrine of Res Judicata becomes applicable and the Order may not be vacated. Love v. Temple University, Supra. This general rule, however, is by no means absolute.

In York v. George, 350 Pa. 439, 39 A. 2d 625 (1944), we held that the general rule may be disregarded and an unappealed judgment opened if fraud or other equitable considerations required the granting of such release. See Fredley v. Crandall Filling Machinery, Inc., 234 Pa. Super. 530, 342 A. 2d 757 (1975). As our Superior Court has stated in Great American Credit Corp. v. Thomas Mini-Markets, Inc., 230 Pa. Super. 210, 213, 326 A. 2d 517, 519 (1974), 'Where equity demands, the power of the Court to open and set aside its judgments may extend well beyond the term in which the judgment is entered.' "

This exception to the general rule is based upon the court's inherent power to correct its own orders: Great American, supra. While we believe that this court's discretion should be exercised sparingly, the instant case is an appropriate siutation in which to exercise that discretion.

While the provisions of 42 Pa.C.S.A. § 5505 serve the desirable purpose of insuring finality of judgments, the court has a much broader, more significant, obligation to do justice. In this case, the court made an incorrect interpretation of the law. (Defendants have not asserted that the court's decision of September 3, 1981, was correct.) The court recognizes its error and seeks to do justice. The

error made was significant, throwing plaintiffs out of court. Even though the appeal period has lapsed, plaintiffs were correct in their initial assertion and should not be penalized and made to suffer the severe consequences that may be attendant to this court's erroneous order. In addition, defendants have not alleged any prejudice, other than they will now have to defend the action.

## ORDER

And now, August 6, 1982, upon consideration of defendants' motion for reconsideration, said motion is denied. This court's order of March 23, 1982, remains in full force and effect.