## Godfrey v. Pennsylvania Financial Responsibility Assigned Claims Plan

*Gerald J. Pomerantz,* for appellees/plaintiffs.
*Thomas P. Kelly,* for appellant/defendant.

RIZZO, *J.,* August 4, 2005—

## OPINION SUR PA RULE OF APPELLATE PROCEDURE 1925(a)

Pennsylvania Financial Responsibility Assigned Claims Plan (appellant/the plan), appeals from an order of this court issued on February 1, 2005 and docketed on February 2, 2005, which denied appellee Sonia P. Godfrey's petition to strike/open an order of non pros as procedurally improper. Due to unusual circumstances resulting in severe prejudice to the appellees, this court took the following steps sua sponte: (1) declaring the arbitration award of February 3, 2004 a nullity; (2) vacating its previous order of January 23, 2004 which dismissed appellees' complaint with prejudice; and (3) reinstating the complaint with a re-listing of the matter for arbitration.

## FACTS AND PROCEDURAL HISTORY

Appellees commenced an action against appellant and various defendants on June 11, 2003 through their attorney, Robert S. Fisher, Esquire, based on damages claimed as a result of a motor vehicle accident that occurred on June 10, 2001. Arbitration of the matter was scheduled for February 3, 2004. Through the pretrial work-up of the case, Attorney Fisher failed to timely produce discovery in response to appellant's request, resulting in appellant's motion to compel discovery being granted on August 15, 2003. Due to Attorney Fisher's continued noncompliance, on October 10, 2003, the Honorable Matthew D. Carrafiello imposed monetary sanctions and directed appellees to comply within 20 days or be subject to further sanction by the court.

Attorney Fisher failed to follow both of this court's orders to compel discovery. As such, on January 23, 2004, the Honorable Annette M. Rizzo ordered appellees' complaint dismissed with prejudice for failure to comply, and also imposed further sanctions. Due to administrative delay, however, Judge Rizzo's order was not docketed until February 19, 2004. Hence, the scheduled arbitration hearing went forward on February 3, 2004. Neither Attorney Fisher nor appellees appeared for arbitration. Due to their non-appearance, judgment was entered in favor of appellant and all other defendants.

### The Court Acted in Response to Attorney Fisher's Mishandling of Many of His Cases, Including Appellees' Case

During his representation of the appellees, Attorney Fisher purportedly disappeared and remained incommunicado from the end of December 2003 through January of 2004, without regard for his clientele. Many of Attorney Fisher's cases were subject to dismissal due to his lack of due diligence. The decline in his professional performance and his demeanor was recognized by his colleagues, as was the resulting adverse impact to his various clients. Gerald Jay Pomerantz, Esq., Attorney Fisher's colleague, attempted to tend to matters in Attorney Fisher's cases when he was unavailable or unresponsive.[1]

Ultimately, Attorney Fisher officially withdrew from practice on June 1, 2004. At that time, Mr. Pomerantz sought direction from the court regarding the effect of

---

1. See attached exhibit "A", affidavit of Gerald Jay Pomerantz, Esq. [not published herein].

Attorney Fisher's personal issues on his clientele and any of their pending cases. Honorable Frederica A. Massiah-Jackson, president judge of the Court of Common Pleas for the First Judicial District, arranged a meeting in which all 33 of Attorney Fisher's affected cases were discussed and it was suggested that emergency petitions be filed.

Although appellees did not formally retain Mr. Pomerantz as counsel at that time, Mr. Pomerantz acted as an intermediary and filed the underlying petition to strike/open an order for non pros on the appellees' behalf on July 20, 2004 (entered on July 22, 2004). In a subsequent step to protect the rights of Attorney Fisher's clients, by order of President Judge Massiah-Jackson issued on August 2, 2004 and docketed August 13, 2004, many of Attorney Fisher's civil and criminal cases were deferred for 60 days, in order for the affected parties to obtain new counsel. President Judge Massiah-Jackson's order also referenced the order of the Supreme Court issued July 29, 2004, which suspended Attorney Fisher from practice in the Commonwealth for the period of one year.[2]

After initial assignment of appellees' petition, pursuant to Judge Massiah-Jackson's order, the petition was deferred for 60 days to allow appellees to secure new counsel. Subsequently, on October 6, 2004, a full hearing before Judge Carrafiello was held. The appellees testified at the hearing that Attorney Fisher never informed them that an arbitration hearing was scheduled for February 3, 2004. Instead, appellees received a letter from

---

2. See attached exhibit "B", the order of President Judge Massiah-Jackson of August 2, 2004 [not published herein].

Attorney Fisher instructing them to appear in his office at 3:30 that same day. Attorney Fisher was not at his office when appellees arrived, but were repeatedly assured that he was en route. After waiting for four hours, appellees were informed by someone from Attorney Fisher's office that the meeting was cancelled as Attorney Fisher was not coming. When asked whether she was aware of the arbitration, appellee Sonia P. Godfrey specifically stated, "No we didn't know nothing about no arbitration. We didn't even get a letter."[3]

Appellees also secured Mr. Pomerantz as counsel in the instant matter at said hearing and he formally entered his appearance on October 12, 2004. The petition was held under advisement by Judge Carrafiello and then reassigned to this court for consideration on February 2, 2005.

Although appellees' petition was postured as a petition to open non pros, no order of dismissal for non pros was ever entered, and therefore appellees' petition was denied as procedurally improper, by court order of February 1, 2005. Further, as the merits of appellees' case had not yet been determined, this court sought to "turn back the clock" to afford appellees due process and provide an opportunity for appellees to adequately pursue their claim with the assistance of Attorney Pomerantz. As such, this court took the following steps sua sponte: first, to declare the arbitration award of February 3, 2004, a nullity as the arbitration hearing went forward despite this court's final order on January 23, 2004, which dis-

---

3. See attached exhibit "C", court transcript from hearing before Judge Matthew D. Carrafiello on October 6, 2004 (pp. 1-2) [not published herein].

missed appellees' complaint with prejudice as to all defendants. Next, this court vacated its order of January 23, 2004, dismissing appellees' complaint with prejudice and reinstated the original complaint so that the case could be restored to the arbitration list.[4] This timely appeal followed.

## SUMMARY OF ISSUES RAISED ON APPEAL[5]

In their statement of matters complained of on appeal, appellant argues that this court did not have subject matter jurisdiction to affect its order of February 1, 2005 for the following reasons:

(1) No timely appeal was filed within 30 days of the February 3, 2004 arbitration award;

(2) The arbitration award was a final order beyond the reach of this court that could not be disturbed;

(3) Appellees neither requested nor had grounds to file an appeal nunc pro tunc;

(4) This court did not act during 30 days after entry of the dismissal order on February 19, 2004, and could not alter its January 23, 2004 order absent extraordinary circumstances where no extraordinary circumstances were alleged.

---

4. See attached exhibit "D", this court's order of February 1, 2005 [not published herein].

5. See attached exhibit "E", appellant's full statement of matters complained of on appeal [not published herein].

## LEGAL DISCUSSION

### I. This Court Properly Took Steps Sua Sponte Under Pa.R.C.P. 126 To Nullify the Arbitration Award, Vacate Its Previous Order and Reinstate the Underlying Complaint

Under Pa.R.C.P. 126: "The [R]ules [of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Further, the Supreme Court has recognized that Rule 126 should not be applied so rigidly as to result in an unjust outcome, particularly when a procedural defect could be overlooked to preserve the rights of the parties. *Kurtas v. Kurtas,* 521 Pa. 105, 109, 555 A.2d 804, 806 (1989). More specifically, "[A] lower court will not be reversed either for waiving or refusing to waive noncompliance with procedural rules in the absence of a showing of an abuse of discretion which has caused *manifest and palpable injury* to the complaining party." (emphasis added) *Gagliardi v. Lynn,* 446 Pa. 144, 151, 285 A.2d 109, 112 (1971). Finally, the trial court also has the inherent power "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *Manack v. Sandlin,* 812 A.2d 676, 680 (Pa. Super. 2002).

Notwithstanding this court's need to abide by the letter of the rules for purposes of clarity and stricture, the

essence of Pa.R.C.P. 126 and the spirit of congruous case law indicate that the court's application must be tempered by particular facts, to be determined on a case-by-case basis. This court's order was proper as it was issued, in part, to address procedural errors that occurred both administratively, and as a result of the inaction of Attorney Fisher, an officer of the court. The first procedural hurdle this court addressed was the erroneous procedural posture of the underlying petition as a petition to open/strike entry of non pros where no order for non pros was ever entered. Therefore, this court dismissed the petition as postured, but properly exercised its power in reviewing the substance of the petition in full, in order to address the disturbing facts outlined therein and provide an equitable remedy for the prejudice suffered by appellees.

Next, the court looked to the administrative error that occurred when the case went forward to arbitration despite this court's order dismissing the complaint that predated the assigned arbitration date. Thus, this court properly declared the subsequent arbitration award a nullity. Finally, as this court's initial dismissal of the case was on solely procedural grounds due to Attorney Fisher's noncompliance with pretrial orders to compel discovery, this court vacated its previous order upon discovery of the underlying facts regarding Attorney Fisher's behavior.

This court's power to affect an equitable remedy was further justified as neither this court, nor the arbitration panel, ever premised any rulings on the *merits* of the *facts and legal claims* in the underlying case. Further, appellant has failed to substantiate any allegations of manifest or palpable injuries sustained as a result of the

appellees' complaint being reinstated. Moreover, appellant had full notice of the nature and content of appellees' claim, as well as subsequent knowledge of Attorney Fisher's actions. In light of the facts revealed to this court and all parties involved, appellant cannot effectively claim that this court's actions to reactivate the case substantially impact appellant's substantive rights.

## II. The Unique and Compelling Circumstances Resulting From Attorney Fisher's Mishandling of the Appellees' Case Warranted the Steps Taken by This Court To Return Appellees' Case to Its Pretrial "Status Quo"

This court's subject matter jurisdiction was proper under the law to vacate its previous order of January 23, 2004, which dismissed appellees' complaint with prejudice, in order to restore the original complaint and re-list the matter for arbitration. Extraordinary circumstances existed to warrant the action taken by this court, despite the passage of more than 30 days from the entry of the January 23, 2004 order.

Under normal circumstances, 42 Pa.C.S. §5505 limits a court's power to modify or rescind any order to 30 days after entry. "The lower court's authority under 42 Pa.C.S. §5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised sua sponte, or may be invoked by a request for reconsideration filed by the parties . . . ." *Hayward v. Hayward,* 808 A.2d 232, 235 (Pa. Super. 2002). "After the expiration of 30 days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject

matter, *a fatal defect apparent on the face of the record* or some other evidence of extraordinary cause justifying intervention by the court." *Id.* at 235. (emphasis in original)

"After said appeal time has expired, the doctrine of res judicata becomes applicable and the order may not be vacated." *First Union Mortgage Corp. v. Frempong,* 744 A.2d 327, 334 (Pa. Super. 1999). This general rule, however, is by no means absolute and may be disregarded and an unappealed judgment opened if fraud or other equitable considerations require the granting of such relief. "[I]t is also well established that where there is a showing of fraud or another circumstance 'so grave or compelling as to constitute "extraordinary cause" justifying intervention by the court,' . . . then a court may open or vacate its order after the 30-day period has expired." *First Union* at 334, citing *Justice v. Justice,* 417 Pa. Super. 581, 586, 612 A.2d 1354, 1357 (1992). Extraordinary circumstances have been found to exist in the context of mistakes made by the court or its officers. *Great American Credit Corp. v. Thomas Mini-Markets Inc.,* 230 Pa. Super. 210, 213, 326 A.2d 517, 519 (1974). "[A]n attorney . . . is in a sense an officer of the court." *In re In the Interest of C.K., Appeal of C.K. and L.K. Natural Parents,* 369 Pa. Super. 445, 535 A.2d 634 (1987).

In the instant case, appellees' complaint was dismissed on January 23, 2004 due to the inattention and misconduct of Attorney Fisher, an officer of the court. Attorney Fisher recognized that his medical condition rendered him unable to adequately represent his clients or practice law; thus, he voluntarily withdrew from practice. As extensively detailed *supra,* the actions of Attorney Fisher

constituted extraordinary circumstances which justified this court's actions in providing an equitable remedy.[6]

Further, where an attorney's misconduct results in prejudice to a client the Supreme Court has clearly stated "it would be harsh, indeed, to hold that appellant's possible cause of action be lost forever because of the conduct of an attorney this court has deemed unfit for the practice of law in this Commonwealth." *Estate of Gasbarini v. Medical Center of Beaver Cty. Inc.,* 487 Pa. 266, 271, 409 A.2d 343, 345 (1979). Although Attorney Fisher had not yet been suspended at the time that appellees' complaint was dismissed, he was subsequently suspended by the order of the Supreme Court on July 29, 2004, as evidenced by President Judge Massiah Jackson's order.[7] Thus, Attorney Fisher's conduct, as detailed *supra,* is clearly parallel to the circumstances in the *Estate of Gasbirini,* and appellees' cause of action was properly restored by this court.

### III. This Court Did Not Receive Appellees' Petition As Appeal Nunc Pro Tunc

Under the equitable powers of the court, this court appropriately denied appellees' petition as procedurally improper, where a non pros was never entered against appellees. This court's subsequent sua sponte actions

---

6. Appellant errs in the statement raised in paragraph 4 of its full statement of matters complained of on appeal, see attached exhibit "E", that this court's January 23, 2005 order, see attached exhibit "F", dismissed the complaint as to appellant only, and thus the arbitration had to go forward. On the contrary, the order clearly "dismissed with prejudice for plaintiffs' failure to comply with this court's . . . orders . . .", thus dismissing the complaint in its entirety [not published herein].

7. See attached exhibit "B" [not published herein].

42

represent the court's intent to restore appellees' right to a fair hearing on the merits of their case. This court acted in a judicious manner by carefully exercising its review powers under the law in order to affect justice for the prejudiced parties, where such was available by no other means.

## CONCLUSION

After careful review of the record, this court finds no error which would warrant its judgment reversed; therefore, this court's order of February 1, 2005 should be affirmed.