# Pittas v. Healthcare & Retirement Corp. of America, Inc.

C.P. of Lehigh County, No. 2009-C-5561.

*John P. Karoly, III,* for plaintiffs.
*Michael W. Bootier,* for defendant ManorCare.
*Kimberly G. Krupka,* for defendant St. Luke's.

JOHNSON, *J.,* March 15, 2012—Before the court for consideration are the following motions:

1.  ManorCare defendants' motion for reconsideration of this honorable court's December 2, 2011 order granting reconsideration filed on December 13, 2011, the motion of reconsideration of this honorable court (sic) December 2, 2011 order on behalf of defendants, St. Luke's Physicians Group, Nancy A. Urankar, M.D. And Mark H. Mishkin, M.D. filed on December 21, 2011, and plaintiffs' reply thereto;

2.  ManorCare defendants' motion for reconsideration of this honorable court's October 27, 2011 order denying defendants' motion to strike as moot filed on November 23, 2011;

3.  ManorCare defendants' petition for petition for rule to show cause why the complaint should not be stricken and, alternatively, motion to strike complaint for lack of a proper verification and/or for judgment of non pros for failure to comply with a court filed on August 23, 2011, and plaintiffs' reply thereto; and

4.  ManorCare defendants' motion for appellate certification and stay filed on December 30, 2011, and the application for amendment of this honorable court's

interlocutory December 2, 2011 order on behalf of defendants, St. Luke's Physicians Group, Nancy A. Urankar, M.D. and Mark H. Mishkin, M.D. filed on December 30, 2011.

The court heard argument on January 27, 2012. For the following reasons, defendants' motions for reconsideration of the December 2, 2011 order are denied; ManorCare defendants' motion for reconsideration of this honorable court's October 27, 2011 order denying ManorCare defendants' motion to strike as moot is granted; ManorCare defendants' petition to dismiss plaintiffs' complaint due to MaryAnn Pittas' incapacity is denied; ManorCare defendants' motion to strike complaint on the ground of improper verification and/or for judgment of non pros is denied, and the court's November 2, 2011 order is amended.

## I. FACTUAL BACKGROUND

This matter arises from a series of motions and court orders issued between September and December 2011. On September 1, 2011, plaintiffs requested to extend discovery deadlines for submitting expert reports by 45 days. The court granted that motion in an order dated September 12, 2011. Before defendants received notice of the order, defendant ManorCare filed a motion for summary judgment on September 14, 2011, arguing that because plaintiffs had not submitted expert reports by the deadline, they could not sustain their burden in a medical malpractice case. Plaintiffs, believing the motion for summary judgment was moot following the court's

September 12 order, did not respond, and defendants did not withdraw the motion upon receiving the September 12 order. Plaintiffs submitted their expert reports to defendants on October 14, 2011, within the extension granted by the court.

On October 27, 2011, seeing no response from plaintiffs to the ManorCare defendants' motion for summary judgment, the court granted the motion. Plaintiffs filed a motion for reconsideration on November 7, 2011, and the court, realizing ManorCare's motion for summary judgment was untimely, granted reconsideration and vacated the summary judgment on December 2, 2011. However, by that time thirty (30) days had passed since the court's October 27, 2011 order granting summary judgment, and thus the October 27 order had become presumptively final.

The defendants, in separate motions, now ask the court to reconsider its December 2 order. Defendants argue that, absent a showing of fraud or extraordinary cause that would support the grant of reconsideration past the original thirty (30) day period, the court no longer had jurisdiction to grant reconsideration. In reply, plaintiffs argue that equity demands the court open and set aside the judgment of October 27, 2011, and that the court may do so, despite the 30-day period having passed.

Additionally, defendants filed two separate motions requesting the court to certify that a controlling question of law is involved in its December 2, 2011 decision as to which there is a substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of this case, such that an appeal is proper under 42 Pa.C.S. 702(b). The defendants also moved to add language stating same to the December 2, 2011 order.

Also filed was defendant's motion for reconsideration of this honorable court's October 27, 2011 order denying the defendants' motion to strike as moot, filed on November 23, 2011. That motion references a motion filed August 23, 2011 entitled Petition For Rule to Show Cause Why Complaint Should Not Be Stricken and, Alternatively, Motion to Strike Complaint for Lack of a Proper Verification and/or for Judgment of Non Pros for Failure to Comply with a Court Order.[1] The August 23 motion argued, first, that plaintiffs' complaint was null and should be stricken because MaryAnn Pittas was incapacitated at the time the complaint was filed. The August 23 motion also argued that MaryAnn Pittas' claims must be stricken because she did not sign a verification for the complaint, and the caption did not state that the suit was being brought by power of attorney. Alternatively, defendants argued that the court should enter a judgment of non pros based on plaintiffs' failure to comply with a court order and based on plaintiffs' failure to obtain proper verification nearly two (2) years after filing suit.

ManorCare's motion filed November 23, 2011 argues that, if the court determines to uphold its December 2,

---

1. The court ruled the subject motion was moot after granting summary judgment.

2011 order vacating summary judgment, it must also reconsider ManorCare's August 23 motion.

## II. DISCUSSION

### A. *Motions To Reconsider December 2 Order*

It is well settled that a court, upon notice to the parties, may modify or rescind any order within thirty (30) days after its entry if no appeal from such an order has been taken or allowed. *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 226 (Pa. Super. 2007). Under 42 Pa. C.S.A. §5505, a trial court has broad discretion to modify or rescind an order, and this power may be exercised sua sponte or invoked pursuant to a party's motion for reconsideration. *Id.* A trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty (30) days of the entry of the disputed order. *Id.* The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period. *Id.* If the trial court fails to grant reconsideration expressly within the prescribed thirty (30) days, it loses the power to act upon both the motion and the original order. *Id.*

There are exceptions to this, however. Defendants, in their briefs, note that where there is a showing of fraud or another circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court, then a court may open or vacate its order after the thirty (30) day period has expired. *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 334 (Pa. Super. 1999). The case that established that standard, *Estate of Gasbarini v. Medical Center of Beaver Cty., Inc.*, relies, in part,

on a Superior Court decision, *Great Am. Credit Corp. v. Thomas Mini-Markets, Inc.*, that has similarities to the case at bar. See *Estate of Gasbarini v. Medical Center of Beaver Cty., Inc.*, 487 Pa. 266, 270, 409 A.2d 343, 345 (1979). In *Great Am. Credit Corp.*, a defendant moved for summary judgment and the court, receiving no answer from plaintiff, granted the summary judgment in favor of the defendant. See *Great Am. Credit Corp. v. Thomas Mini-Markets, Inc.*, 326 A.2d 517 (Pa. Super. 1974). Later, it came to light that the plaintiff had sent a letter asking for an extension of time within which to answer the motion, but that the letter was mislaid during transmission through the court processes. The court, nearly five (5) months later (and thus easily more than thirty (30) days after the court's order) vacated its previous order and entered an order dismissing the motion for summary judgment. On appeal, the Superior Court affirmed the court's decision to vacate and dismiss the summary judgment, citing the "inherent power of the courts of this Commonwealth to act where equity so demands" *Id.* at 519. The Superior Court found the power of courts to correct their judgment, amend records, and to correct mistakes of the clerk or other officer of the court "inherent in courts of justice." *Id.* The court found that while the rights of third parties must be respected, the power of a common pleas court to open its judgments is "most ample, and the policy requires its liberal use" when faced with inequitable judgments. *Id.* (citations omitted).

In the instant case, the court did not amend its decision within the thirty (30) day period, and did nothing that

would toll the thirty (30) day period. That said, it is plainly obvious to the court that to vacate the court's December 2 order that, in turn, vacated the court's October 27 order would result in an inequitable judgment brought on, in part, by the court's own mistakes. The court bases this opinion in part on Pennsylvania Rule of Civil Procedure 1035.2, which instructs that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law." To determine whether or not discovery is complete to establish the timeliness or prematurity of a motion for summary judgment, a court must look at the record of the case. *Wolloch v. Aiken*, 572 Pa. 335, 341, 815 A.2d 594, 597 (2002). Here, plaintiffs timely filed for, and were granted, an extension of discovery deadlines. Defendants' motion for summary judgment arrived two (2) days after that extension was granted, and thus was untimely. While plaintiffs would have been best served by responding to defendants' motion and alerting the court that it was untimely, discovery as to the parties' expert reports was not yet closed. It is noteworthy that the defendants, who have a duty to the court to not misrepresent, mischaracterize, misquote or miscite facts to the court, per 204 Pa. Code §99.3(8), did not rescind their motion after learning of its untimeliness. These lapses in communication set the stage for the most significant mistake, which was the court's failure to realize the untimeliness of the motion when granting it.

The court made a second mistake in not considering plaintiff's November 7 motion for reconsideration before

the thirty (30) day period had elapsed. Whether this was the court's mistake or the failure of a party appears to make no difference, however, in light of *Great Am. Credit Corp.* which clearly establishes the court's ability to open a judgment after thirty (30) days if a mistake of the court resulted in an inequitable result. Such mistake and resulting inequity constitutes extraordinary cause justifying intervention by the court.

### B.   Appellate Certification

As plaintiffs did not reply to the two (2) motions by defendants requesting appellate certification, the court may grant these motions as uncontested. Furthermore, the court finds that the request for instant certification is timely filed in accordance with Pa. R.A.P. 1311(b), which provides that an application for an amendment of an interlocutory order to contain the statement specified in 42 Pa.C.S. §702(b) shall be filed with the lower court within thirty (30) days after the entry of the interlocutory order. Further, the court finds that the November 2, 2011 order, per §702(b), involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. Therefore, the court certifies its December 2, 2011 order for immediate appeal under 42 Pa.C.S. §702(b).

### C.   Motion To Reconsider October 27 Order Denying Motion To Strike

The court will grant defendants' motion for reconsideration of this honorable court's October 27, 2011

order denying the defendants' motion to strike as moot, as the matter would not have been mooted if not for the mistaken summary judgment. An analysis of the original August 23, 2011 motion follows:

### i. *Incapacity*

ManorCare defendants properly cite to Pa.R.C.P. 2051, which defines an incapacitated person, and Pa.R.C.P. 2053, which states that such a person cannot institute or maintain a lawsuit on his or her own behalf. However, ManorCare defendants conspicuously do not cite a standard for determining incapacity, nor a procedure to make that determination. The standards for finding incapacity of a nonresident is found in 20 Pa. C.S.A. § 5511(b) and, by reference, 20 Pa. C.S.A. § 5511(a), which states the standard for a resident. As explained in 20 Pa.C.S.A. § 5511(a), a party seeking a finding of incapacity must petition the court to hold a hearing, and that such finding shall only be made upon presentation of clear and convincing proof of mental incompetency. Such proof must be preponderating. *In re Meyers' Estate*, 395 Pa. 459, 462, 150 A.2d 525, 526 (1959) (citations omitted). However, the court may dismiss a proceeding where it determines that the petition is incomplete or fails to provide sufficient facts to proceed. 20 Pa.C.S. § 5511(a). If the court does proceed, it shall consider and make specific findings of fact concerning the nature of any condition or disability which impairs the individual's capacity to make and communicate decisions. 20 Pa.C.S. §5512.1(a)(1).

Here, ManorCare defendants have asserted "there is no dispute that Maryann Pittas lacked the capacity to prosecute these claims at all times relevant hereto, including when the lawsuit was initiated." Defendants assert that plaintiffs admit that MaryAnn Pittas lacked capacity on October 23, 2009, and on the date of the filing of each complaint. They base this assertion on a document, Plaintiffs' Response To Requests For Admission And Related Interrogatories And Requests For Production Of Documents Of Healthcare & Retirement Corp. Of America, ManorCare Health Services-Allentown, K. Nonnemaker, L.P.N., Jane Doe, R.N., And John Doe, R.N. Directed To Plaintiffs. In that document, plaintiffs' attorney denies requests for admissions because "MaryAnn Pittas lacks the capacity to participate in this litigation." Defendants also base their assertion on a letter from the Pittas' physician in Greece, Dr. Nikolaos M. Hatzakis ("Dr. Hatzakis"), which states that she cannot speak, does not appear to recognize her husband frequently, and that based on her current mental capabilities, "any attempt at communication would have to be considered totally unreliable." ManorCare defendants also assert that Andrew Pittas lacks capacity to prosecute, based on a second letter presented by Dr. Hatzakis, stating that Andrew Pittas has significant cognitive dysfunction, including significant damage to his "memory for short and long term events," caused by his condition, post-accident central nervous system rotational injury/trauma.

The court finds that these submissions do not satisfy the requirements of 20 Pa.C.S. § 5511(a), in that they are not clear and convincing proof of mental incompetency.

Without more evidence proffered by ManorCare defendants concerning the nature of any condition or disability which impairs the Pittas' capacity to make and communicate decisions, the court cannot determine incapacity. Therefore, the court cannot grant the relief requested, and the motion must be denied.

### ii. *Proper Verification*

Plaintiffs correctly cite Pa.R.C.P. 1024(c), which requires that only one named plaintiff verify a complaint. Plaintiff also correctly cites Pa.R.C.P. 2061, which allows any person who has knowledge or information as to the facts averred to "sign a verification on a plaintiff's behalf." In the present case, plaintiffs submitted a verification by stipulation and court order. While the placement of the verification has been made an issue, the court accepts plaintiffs' assertion that this verification, signed by Andrew Pittas, relates to plaintiffs' third amended complaint. Furthermore, ManorCare defendants concede that plaintiff Andrew Pittas' signature is on the subject verification. Per Pa. R.C.P. 1024(c), this meets the criteria for verification, and would meet the criteria even if MaryAnn Pittas were deemed incapacitated, per Pa. R.C.P. 2061. Therefore, the motion to strike on this issue is denied.

### iii. *Judgment Non Pros*

Entry of judgment non pros is proper where a plaintiff fails to comply with a court order. Here defendants misrepresent the court order of May 3, 2011: the court ordered "a substitute of verification," not "appropriate verifications" to the third amended complaint. The

plaintiffs responded by providing a verification signed by Andrew Pittas. That the verification arrived a few days beyond the deadline set by the court is noted, and plaintiffs should be made aware that submitting required documents after they are required is bound to have deleterious effects in the future. But in the present matter, the slightly tardy delivery does not merit a judgment of non pros.

## III. CONCLUSION

For the foregoing reasons, the court concludes that defendants' motions for reconsideration of the December 2, 2011 order are denied; ManorCare defendants' motion for reconsideration of this honorable court's October 27, 2011 order denying ManorCare defendants' motion to strike as moot is granted; ManorCare defendants' petition to dismiss plaintiffs' complaint due to MaryAnn Pittas' incapacity is denied; ManorCare defendants' motion to strike complaint on the ground of improper verification and/or for judgment of non pros is denied; and the court's November 2, 2011 order is amended as requested.

## ORDER

And now, this day of March, 2012, upon consideration of:

5. ManorCare defendants' motion for reconsideration of this honorable court's December 2, 2011 order granting reconsideration filed on December 13, 2011, the motion of reconsideration of this honorable court (sic) December 2, 2011 order on behalf of defendants, St. Luke's Physicians Group, Nancy A. Urankar, M.D. And Mark H. Mishkin,

M.D. filed on December 21, 2011, and plaintiffs' reply thereto;

6. ManorCare defendants' motion for reconsideration of this honorable court's October 27, 2011 order denying ManorCare defendants' motion to strike as moot filed on November 23, 2011;

7. ManorCare defendants' petition for rule to show cause why the complaint should not be stricken and, alternatively, motion to strike complaint for lack of a proper verification and/or for judgment of non pros for failure to comply with a court order filed on August 23, 2011, and plaintiffs' reply thereto; and 8.

ManorCare defendants' motion for appellate certification and stay filed on December 30, 2011, and the application for amendment of this honorable court's Interlocutory December 2, 2011 order on behalf of defendants, St. Luke's Physicians Group, Nancy A. Urankar, M.D. And Mark H. Mishkin, M.D. filed on December 30, 2011;

It is hereby ordered that:

1. Defendants' motions for reconsideration of the December 2, 2011 order are denied;

2. ManorCare defendants' motion for reconsideration of this honorable court's October 27, 2011 order denying ManorCare defendants' motion to strike as moot is granted;

3. ManorCare defendants' petition to dismiss

plaintiffs' complaint due to MaryAnn Pittas' incapacity is denied;

4. ManorCare defendants' motion to strike complaint on the ground of improper verification and/or for judgment of non pros is denied; and

5. The court's November 2, 2011 order is amended to include the following language, "per §702(b), this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal form the order may materially advance the ultimate termination of the matter. Therefore, the court certifies this order for immediate appeal under 42 Pa.C.S. §702(b)."