409 A.2d 343

ESTATE OF Gabriel C. GASBARINI, a/k/a Gabriel C. Gasbarine, Appellant,

v.

MEDICAL CENTER OF BEAVER COUNTY, INC., ROCHESTER DIVISION and Leon E. Goggin and N. A. Hetzler.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1979.

Decided Dec. 21, 1979.

Hugh G. Grady, Fein & Grady, Philadelphia, for appellant.

Michael D. Heintzman, Thomson, Rhodes & Grigsby, Pittsburgh, for Leon D. Goffin and N. A. Hetzler.

Oran W. Panner, John W. Jordan, IV, Pittsburgh, Panner, Holland & Autenreith, Beaver, for Medical Center of Beaver County, Inc., Rochester Div.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal results from an order of the Superior Court, which reversed an order of the Court of Common Pleas of Beaver County, where the latter court had opened its previous order dismissing an action in trespass and allowed the complaint in trespass to be reinstated.

On June 26, 1973, Gabriel Gasbarini [decedent] died while a patient at Medical Center of Beaver County, Inc. [appellee], and while under the care of individual appellees, Dr. Leon D. Goggin and Dr. N. A. Hetzler. Appellant, Anna Gasbarine,[1] the decedent's widow, obtained an attorney from Philadelphia, Franklin Rubin, to represent her in a suit in trespass against appellees.

Shortly after the decedent's death, appellant sought to be appointed administratrix of decedent's estate. While appellant had applied for letters of administration, she was not, at that time, appointed administratrix because of Rubin's failure to post a $500 bond as required by Section 3171 of the Probate, Estates and Fiduciary Code.[2]

1. While appellant is docketed as "Estate of Gabriel C. Gasbarini," this opinion will refer to Mrs. Gasbarine, the moving party, as appellant for purposes of clarity.

2. Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. 3171.

On September 26, 1973, appellant's counsel commenced an action in trespass by summons against appellees. On the summons, plaintiff was identified as "Estate of Gabriel C. Gasbarini, a/k/a Gabriel C. Gasbarine". Mr. Rubin failed to respond to the Medical Center's rule to file a complaint, and a judgment of *non pros* was subsequently entered.

On June 20, 1974, Rubin filed another summons in trespass against the same parties, once again naming "Estate of Gasbarini" as plaintiff. A complaint was filed on November 15, 1974. Following the filing of the complaint, appellees filed preliminary objections alleging, *inter alia*, that the "estate" was not a proper party. Despite the fact that notice of the preliminary objections was sent to Rubin's office, he never responded. On November 27, 1974, Rubin was suspended from the practice of law by this court.

On January 31, 1975, appellees' preliminary objections were sustained and appellant's complaint was dismissed after argument in open court. Neither appellant nor Mr. Rubin was present. The court sent a copy of the order dismissing the complaint to appellant.

Both prior to the January 31, 1975 court order and subsequent thereto, appellant and her son made numerous contacts with Rubin to ascertain the status of the case. In all instances, Rubin assured the Gasbarines that he was providing proper representation. Despite Rubin's assurances, appellant contacted various individuals and governmental bodies. At this time (early 1975), appellant learned that Rubin had been suspended from the practice of law in November, 1974. On May 19, 1975, Rubin was disbarred pursuant to an order of this court.

In July, 1975, appellant, after numerous unsuccessful attempts, was able to secure the assistance of present counsel. After posting the required bond, appellant was named administratrix of her late husband's estate. Present counsel then filed a petition to reinstate the complaint and to amend the caption of the complaint to add appellant's name as personal representative of the estate. On January 29, 1976, the Court of Common Pleas of Beaver County ordered that

its previous judgment in favor of appellees be opened. The court further ordered that appellant be granted leave to file an amended complaint. On appeal, the Superior Court reversed and ordered that the original judgment in appellees' favor be reinstated. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 253 Pa.Super. 547, 385 A.2d 474 (1978). We granted appellant's petition for allowance of appeal and this appeal followed.

Appellant first argues that the Court of Common Pleas of Beaver County acted properly in opening the judgment which originally held in the appellees' favor; she thus argues that the Superior Court erred in reversing the order of the Beaver County Court. We agree with appellant.

■ As a general rule, where preliminary objections are sustained and a complaint is dismissed, the order sustaining the preliminary objections and dismissing the complaint is final and appealable. *Cantanese v. Scirica*, 437 Pa. 519, 263, A.2d 372 (1970); *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966). After said appeal time has expired, the doctrine of res judicata becomes applicable and the order may not be vacated. *Love v. Temple University, supra.* This general rule, however, is by no means absolute.

In *York v. George*, 350 Pa. 439, 39 A.2d 625 (1944), we held that the general rule may be disregarded and an unappealed judgment opened if fraud or other equitable considerations required the granting of such relief. See *Fredley v. Crandall Filling Machinery, Inc.*, 234 Pa.Super. 530, 342 A.2d 757 (1975). As our Superior Court has stated in *Great American Credit Corp. v. Thomas Mini-Markets, Inc.*, 230 Pa.Super. 210, 213, 326 A.2d 517, 519 (1974), "Where equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment is entered."

■ We can perceive no greater equitable considerations requiring opening of a judgment than the fact that the attorney allegedly representing appellant had been suspended from the practice of law prior to the hearing at which

appellee's preliminary objections had been sustained and appellant's complaint dismissed. Further, appellant's attorney never notified appellant of his suspension. Under these circumstances, it would be harsh, indeed, to hold that appellant's possible cause of action be lost forever because of the conduct of an attorney this court has deemed unfit for the practice of law in this Commonwealth.

The Superior Court, in reversing the Court of Common Pleas of Beaver County, relied on a line of reasoning holding that an attorney's neglect does not constitute extraordinary cause requiring the granting of the equitable relief of opening a judgment. *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 104 A. 863 (1918); Restatement of Judgments, § 126. We believe, however, that much more than neglect by Rubin is involved; here, Rubin could not have participated in the argument of preliminary objections had he desired to do so, as an order of this court prevented him from practicing law. Under all of these facts, we can find no abuse of the trial court's discretion in opening the judgment originally entered in appellees' favor.

■ Appellant further urges that the trial court did not err in allowing her to amend the caption of her complaint so that the action could be brought in her name as administratrix of her late husband's estate. Appellees, on the other hand, argue that permitting such amendment would be improper as it would: (1) introduce a new party to the proceedings; and (2) deprive them of their substantial and meritorious defense under the statute of limitations.

Pa.R.C.P. 1033 states:

"A party, either by filed consent of the adverse party or *by leave of court, may at any time* change the form of action, correct the name of a party or amend his pleading." (Emphasis added.)

It is well settled that a decedent's estate cannot be a party to litigation unless a personal representative exists. *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1973), *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935). In the instant

case, appellant had taken all necessary steps to be appointed administratrix of decedent's estate except posting the required bond, and this omission was clearly the fault of Mr. Rubin. Further, paragraph 9 of the complaint in trespass alleged:

> "Plaintiff is the widow and was duly appointed administratrix of his estate by the Register of Wills of Beaver County, Pennsylvania. . . ."

It is clear that allowing amendment of the caption in no way adds a new party to the suit. See *Erksa v. Schriver*, 113 P.L.J. 154 (1964) aff'd., 205 Pa.Super. 746, 209 A.2d 444 (1965).

We also find no merit in appellee's argument concerning the statute of limitations. The original complaint, filed by Rubin, made clear that the action was based upon our wrongful death and survival statutes. Further, as previously mentioned, the complaint made clear that appellant was bringing this action in her capacity as administratrix of the decedent's estate.

In discussing the statute of limitations in the context of a survival action where the personal representative did not post the required bond until after the statute of limitations had run, the Superior Court stated:

> "The purpose of statutes of limitations is to expedite litigation and thus to discourage delay and the presentation of stale claims. *Insurance Co. of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971). Thereby the statutes promote finality and stability, *Schumucker v. Naugle*, 426 Pa. 203, 231 A.2d 121 (1967), and '[w]hile time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary,' id., 426 Pa. at 206, 231 A.2d at 123.

> "In this case we are persuaded that the objectives sought by the statute of limitations were fulfilled within the statutory period. When the complaint was filed, it represented a timely statement of every element of the claim, except in one respect: the plaintiff appellee had not been formally named administrator. That deficiency,

however, was minimal. At the time the complaint was filed, that is, within the statutory period, appellee had applied for letters of administration. Under the provisions of the Decedents, Estates & Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 P.S. § 3155(b)(3), appellee as decedent's father had a prior right to be appointed; having applied to be appointed, he was unlikely not to pursue his application to completion. Nor had anyone else applied. The only thing that held up the issuance of letters was appellee's failure to post a nominal bond of $1000. While we grant that the bond represents something of a contingency, we nonetheless find that in the circumstances, appellee's appointment as administrator was substantially assured at the time the complaint was filed, that is, within the statutory period of limitations." (Footnote omitted.)

*McGuire v. Erie Lackawanna Railway Co.*, 253 Pa.Super. 531, 535–36, 385 A.2d 466, 468 (1978).

We believe the instant case is on all fours with *McGuire* and we believe its reasoning is persuasive. Instantly, the only deficiency in appellant's complaint was the fact she had not yet been named administratrix of decedent's estate. All other requirements, however, had been completed within a short time period after decedent's death and within the applicable statute of limitations for either a wrongful death or survivor action. As we believe the appointment of appellant as administratrix should relate back to the June 20, 1974 date on which the complaint was filed, we find that neither action is barred by the applicable statute of limitations.

Order of Superior Court reversed and January 29, 1976 order of the Court of Common Pleas of Beaver County is reinstated.

MANDERINO, J., did not participate in the decision of this case.