J-A16040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| RESPONSE ELECTRIC, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| PENN STATE HEALTH LANCASTER | : | |
| MEDICAL CENTER | : | No. 1389 MDA 2022 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ENVIRONMENTAL AIR | : | |
| SYSTEMS, LLC. | : | |

Appeal from the Order Entered September 2, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-22-00419

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　**FILED: AUGUST 15, 2023**

Environmental Air Systems, LLC (EAS) appeals from the order entered September 2, 2022, in the Lancaster County Court of Common Pleas.  The trial court granted a motion for reconsideration, filed by Response Electric, Inc. (REI), of its prior order striking a mechanics' lien claim, and reinstated the mechanics' lien.[1]  EAS presents three issues for our review:  (1) whether this Court has jurisdiction over this appeal; (2) whether the trial court erred when it reconsidered its prior order more than 30 days after it was entered; and (3) whether the trial court properly struck the mechanics' lien claim when

---

[1] As will be discussed ***infra***, the Commonwealth of Pennsylvania Penn State Health Lancaster Medical Center (Penn State Health) did not participate in these proceedings and is not a party to this appeal.

REI failed to file an affidavit of service as required by the Mechanics' Lien Law.[2] Because we conclude the trial court had no authority to reconsider its prior, final order after the appeal period expired, we are constrained to vacate the order on appeal, and remand for reinstatement of the court's July 18, 2022, order.

We discern the following relevant facts and procedural history from the certified record. Penn State Health is the owner of a property located at 2148 State Road in Lancaster, Pennsylvania, where it is constructing a Central Utility Plant (the Project). *See* REI's Mechanic[s'] Lien Claim, 1/24/22, at ¶¶ 2, 4; EAS's Brief at 4; REI's Brief at 1. EAS, a subcontractor for the Project, entered into a subcontract with REI to provide "electrical work and engineering work" for the Project. REI's Mechanic[s'] Lien Claim at ¶ 4. REI maintains that it completed the work requested on September 22, 2021, but that it was still due $24,581.43 for labor and materials. *See id.* at ¶¶ 5-7. Thus, on January 24, 2022, REI filed the underlying mechanics' lien claim against Penn State Health in the amount of $24,581.43. Relevant herein, on February 24, 2022, a signed Sheriff's Return of Service was docketed, which stated that the mechanics' lien claim was served on Penn State Health the day before, February 23rd.

Meanwhile, on February 23, 2022, EAS filed a motion requesting permission to file a bond to discharge and release the mechanics' lien on Penn

---

[2] *See* Mechanics Lien Law of 1963, 49 P.S. §§ 1101-1902.

State Health's property. *See* EAS's Motion to File Bond to Discharge Mechanics' Lien, 2/23/22, at 1-2 (unpaginated). EAS asserted, *inter alia*, "as the entity that allegedly failed to pay REI, EAS [was] a 'party in interest'" pursuant to the Mechanics' Lien Law. *Id.* at 2. On March 23, 2023, the trial court granted the motion and ordered EAS to "enter and post with the court a lien bond in the amount of $49,162.86[,]" double the lien amount.[3] Order, 3/23/23. The court further stated, "[w]hen the bond is posted, the lien shall discharge as to [Penn State Health's] property and attach to [EAS's] bond." *Id.* (footnote omitted). Thereafter, on April 1, 2022, EAS posted the requisite lien bond.

On April 8, 2022, REI filed a civil complaint against EAS, seeking damages for breach of contract and quantum meruit in the same amount as the mechanics' lien claim. EAS filed preliminary objections asserting, *inter alia*, that REI was prohibited from "filing a breach of contract claim in the same action as a mechanics' lien claim[,]" and, in any event, the parties' subcontract included both an arbitration clause and a forum selection clause, which required any civil action be brought in Guilford County, North Carolina.[4] EAS's Preliminary Objections to REI's Complaint, 6/3/22, at 2-4, 6-7. REI filed preliminary objections to EAS's preliminary objections, arguing that EAS's

_____

[3] *See* 49 P.S. § 1510(d) (providing security "may be entered . . . double the amount of the required deposit" to have lien discharged).

[4] EAS is a limited liability company with a registered business address in High Point, North Carolina. *See* REI's Complaint, 4/8/22, at ¶ 2.

objections were untimely filed and the forum selection clause is unenforceable. *See* REI's Preliminary Objections to EAS's Preliminary Objections to REI's Complaint, 6/20/22, at 3-5 (unpaginated).

While the competing preliminary objections to the civil action were pending, on July 1, 2022, EAS filed a motion to strike the mechanics' lien. It argued that REI failed to file an affidavit of service within 20 days of the service of the lien as required by Section 1502(a)(2) of the Mechanics Lien Law.[5] *See* EAS's Motion to Strike Mechanics' Lien Claim, 7/1/22, at 2. Further, because a mechanics' lien must be filed within six months after work is completed[6] — which REI acknowledged was in September of 2021 — EAS asserted the mechanics' lien action "should be dismissed with prejudice." *Id.* at 4.

REI filed a response and supporting brief, averring that the sheriff's return of service, docketed on February 23, 2022, satisfied the requirements of Section 1502. *See* REI's Brief in Support of Response in Opposition to EAS's Motion to Strike Mechanic[s'] Lien Claim, 7/8/22, at 3. EAS filed a reply, disputing REI's assertion. Thereafter, on July 18, 2022, the trial court entered an order which: (1) granted EAS's motion to strike the mechanics' lien claim due to REI's failure to file an affidavit of service; (2) sustained EAS's

---

[5] *See* 49 P.S. § 1502(a)(2) (requiring mechanics' lien claimant to, *inter alia*, file "affidavit of service of notice, or the acceptance of service, . . . within twenty (20) days after service [of lien claim] setting forth the date and manner of service").

[6] *See* 49 P.S. § 1502(a)(1) (mechanics' lien claim must be filed "within six (6) months after the completion of [the] work").

preliminary objection to REI's civil complaint based upon the misjoinder of actions; (3) dismissed as moot EAS's remaining preliminary objections; and (4) overruled REI's preliminary objections to EAS's preliminary objections. *See* Order, 7/18/22, at 1-2. We note that an order striking a mechanics' lien claim is final and appealable. *See Caldwell v. Carter*, 23 A. 575 (Pa. 1892). Therefore, REI could have filed an appeal from the July 18th order within 30 days, that is, no later than August 17, 2022.

However, on August 15, 2022 — two days before the appeal period expired — REI instead filed a motion seeking reconsideration of the trial court's July 18th order. *See* REI's Motion for Reconsideration of [Trial] Court's July [18], 2022 Order Striking its Mechanics' Lien Claim & Seeking Reinstatement of Said Claim, 8/15/22, 2-3 (unpaginated). Notably, REI did not file a supporting brief "concurrently" with the motion, as required by local Lancaster County Rule of Civil Procedure 208.3(b)(A).[7] Further, although the motion was properly docketed, the trial court maintains that it did not receive notice of the filing at that time. *See* Trial Ct. Op. at 2.

Thereafter, on August 25, 2022, a week after the appeal deadline, EAS filed a praecipe to deem REI's motion for reconsideration withdrawn pursuant to local Rule 208. *See* Lancaster Cty R.C.P. 208.3(b)(A) ("If a brief is not filed with the motion, the motion **shall** be deemed withdrawn, without prejudice,

---

[7] *See* Lancaster Cty R.C.P. 208.3(b)(A) ("The moving party **shall file** a motion, proposed order and supporting brief concurrently.") (emphasis added).

upon praecipe of an opposing party.") (emphasis added). That same day, REI filed a second, identical motion for reconsideration — this time, however, REI concurrently filed a supporting brief. **See** REI's Motion for Reconsideration of [Trial] Court's July [18], 2022 Order Striking its Mechanics' Lien Claim & Seeking Reinstatement of Said Claim, 8/25/22; REI's Brief in Support of its Motion for Reconsideration of [Trial] Court's July [18], 2022 Order Striking its Mechanics' Lien Claim & Seeking Reinstatement of Said Claim, 8/25/22.

On September 2, 2022, the trial court entered the order on appeal, which: (1) granted REI's motion for reconsideration; (2) reinstated REI's mechanics' lien claim; and (3) denied EAS's motion to strike the lien claim. **See** Order, 9/2/22. In a footnote, the court explained that the sheriff's return of service, which was docketed within 20 days of service of the lien claim, satisfied the requirements of Section 1502. **See id.** at n.1. EAS filed this timely appeal on September 26, 2022, and complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On December 6, 2022, this Court directed EAS to show cause as to: (1) whether the order on appeal, granting a motion for reconsideration, was final and appealable; (2) whether EAS had standing since it did not appear to be a party to the mechanics' lien claim; and (3) whether the appeal should be transferred to the Commonwealth Court because the Commonwealth of Pennsylvania was a named party. Order, 12/6/22. After EAS filed a timely response, we discharged the rule on February 7, 2023. Order, 2/7/23.

EAS presents the following three issues for our review:[8]

A. Whether the Superior Court may exercise appellate jurisdiction over this appeal?

B. Whether the trial court erred in vacating its initial decision to strike the mechanics' lien claim, when it issued its order granting reconsideration more than thirty (30) days after initially granting EAS'[s] motion to strike the mechanics' lien claim, in violation of 42 Pa.C.S. § 5505?

C. Whether the trial court erred in reinstating the mechanics' lien claim, where the Mechanics' Lien Law and controlling case authorities conclusively require a claimant to file an affidavit of service within 20 days of service of the mechanics' lien claim?

EAS's Brief at 3-4 (some capitalization omitted).

EAS first addresses the concerns raised by this Court in the rule to show cause, and "incorporates by reference the arguments contained in its [r]esponse[.]" EAS's Brief at 28-29. This Court's show cause order raised three questions concerning our jurisdiction over this appeal: (1) whether EAS, who is not a named party in the action, has standing to appeal; (2) whether the appeal should be transferred to the Commonwealth Court since Penn State Health is a named party; and (3) whether the order on appeal — granting reconsideration of a prior order — is final and appealable. *See* Order, 12/6/22.

Preliminarily, we agree that EAS is an "aggrieved" party which has standing to appeal the order at issue, and that the matter should not be

---

[8] We have reordered EAS's claims for purposes of disposition.

transferred to the Commonwealth Court.[9]  By way of background, we reiterate that Penn State Health is the captioned defendant in this matter because it is the owner of the property, and project, at issue.  However, EAS is the entity that contracted with REI and allegedly failed to pay REI.  Therefore, EAS posted bond to remove the mechanics' lien from Penn State Health's property.  Moreover, EAS is the named defendant in REI's breach of contract civil action.

Pennsylvania Rule of Appellate Procedure 501 provides that "any party who is aggrieved by an appealable order . . . may appeal therefrom."  Pa.R.A.P. 501.  Further, the Judicial Code defines a "party" as "[a] person who commences or against whom relief is sought in a matter."  42 Pa.C.S. § 102.  Here, EAS is clearly the entity "aggrieved" by the trial court's order reinstating the mechanics' lien claim — the lien is attached to the bond EAS posted.  Indeed, EAS is the entity that will be required to pay REI if, in fact, the action is resolved in REI's favor.  Because EAS has "a substantial, direct and immediate interest in the outcome of the litigation[,]" we conclude it has standing to appeal the court's order.  **See Johnson v. Am. Standard**, 8 A.3d 318, 329 (Pa. 2010).

Further, because the Commonwealth of Pennsylvania, while a named defendant, is not an aggrieved party, we agree that we are not required to transfer this matter to the Commonwealth Court.  Pursuant to Section 762 of

---

[9] REI agrees with EAS's position on both of these issues.  **See** REI's Brief at 22.

the Judicial Code, the Commonwealth Court has "exclusive jurisdiction of appeals from final orders" in "Commonwealth civil cases." 42 Pa.C.S. § 762(a)(1). However, as explained **supra**, although Penn State Health is the owner of the property and project at issue, EAS entered into a subcontract with REI and posted bond to discharge the mechanics' lien from the property — thus, EAS is the entity that will be liable for any judgment. For this reason, we agree that the appeal was properly filed in this Court.

The final jurisdictional issue concerns the appealability of the trial court's September 2, 2022, order, which purported to **grant reconsideration** of a final order more than 30 days after it was entered. Preliminarily, we reiterate that an order striking a mechanics' lien is final and appealable. **See Caldwell**, 23 A. at 575. However, an order refusing to strike a mechanics' lien is "interlocutory and unappealable." **H.P. Starr & Sons, Inc. v. Stepp**, 211 A.2d 78, 79 (Pa. Super. 1965). We recognize that the trial court's September 2, 2022, order effectively refused to strike the mechanics' lien claim — the court granted REI's motion for reconsideration, reinstated REI's mechanics' lien claim, and denied EAS's motion to strike the lien claim. **See** Order, 9/2/22.

Nevertheless, the primary issue on appeal is whether the trial court had jurisdiction on September 2nd to grant reconsideration of the final, appealable order it had entered more than 30 days prior on July 18th. **See** 42 Pa.C.S. § 5505 (if no appeal is taken, court may modify or rescind any order within 30 days of entry); **Mfrs. & Traders Tr. Co. v. Greenville Gastroenterology,**

*SC*, 108 A.3d 913, 916 (Pa. Super. 2015) ("A court lacks the authority to grant reconsideration of a final order more than 30 days after its entry."); ***Valley Forge Ctr. Assocs. v. Rib-it/K.P., Inc.***, 693 A.2d 242, 245 (Pa. Super. 1997) (motion for reconsideration tolls 30-day appeal period only when court enters order "expressly granting" reconsideration before expiration of 30-day period) (citation omitted).

This Court considered a similar issue in ***Gardner v. Consolidated Rail Corp.***, 100 A.3d 280 (Pa. Super. 2014). In that case, on February 20, 2013, the trial court entered a final, appealable order granting the defendants' motion to transfer venue based on forum non conveniens. *Id.* at 282. The next day, the plaintiff filed a timely motion for reconsideration, but not a notice of appeal. *Id.* On April 10, 2013, more than 30 days after the entry of its order, the court granted the plaintiff's motion for reconsideration and vacated the February 20th order.[10] *See id.* The defendants then appealed to this Court. We exercised appellate jurisdiction to consider whether the trial court lacked the jurisdictional authority to grant a motion for reconsideration more than 30 days after the order at issue was entered. *See id.* at 282-83. In that case, we concluded the trial court had no authority to grant the motion for

---

[10] Similar to an order refusing to strike a mechanics' lien, an order **denying** a motion to transfer venue based on forum non conveniens is **not final or appealable**. *See* Pa.R.A.P. 311(c); ***Ritchey v. Rutter's Inc.***, 286 A.3d 248, 253 (Pa. Super. 2022) (interlocutory order denying motion to transfer venue appealable upon this Court's grant of petition for review pursuant to Pa.R.A.P. 1311).

reconsideration, so that its April 10th order was invalid. **See id.** at 283. Thus, based upon our exercise of jurisdiction in **Gardner**, we likewise conclude that we may consider the appeal before us.

Accordingly, having disposed of the jurisdictional prerequisites, we now consider EAS's second issue on appeal, which directly challenges the trial court's authority to grant REI's motion for reconsideration of a final, appealable order more than 30 days after the order was entered. **See** EAS's Brief at 12. EAS argues that while Section 5505 of the Judicial Code permits a trial court to modify or rescind any final order, it must act within 30 days of the entry of the order, or it loses jurisdiction to do so. **See id.** Here, EAS maintains that REI should have filed both a notice of appeal and a motion for reconsideration in order to preserve its rights, since a motion for reconsideration does not toll the 30-day period for filing an appeal unless the trial court expressly grants reconsideration during that time period. **See id.** at 13-14. Because REI failed to do so, and the trial court did not expressly grant reconsideration until after the expiration of the 30-day appeal period, EAS insists the trial court's September 2, 2022, order is a nullity. **See id.** at 18.

EAS correctly cites the law concerning reconsideration of a final order. Section 5505 of the Judicial Code authorizes a trial court to "modify or rescind any order within 30 days after its entry, . . . if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. However, even after a party has filed an appeal from a final order, Pa.R.A.P. 1701 authorizes a trial court to

grant reconsideration of a final order if: (1) an application for reconsideration is filed within the 30-day appeal period; **and** (2) the court **expressly grants** reconsideration **before** the expiration of the appeal period. Pa.R.A.P. 1701(b)(3)(i)-(ii). "A timely order granting reconsideration under [Rule 1703(b)(3)] render[s] inoperative any such notice of appeal . . . filed or docketed with respect to the prior order." Pa.R.A.P. 1701(b)(3).

As this Court has explained:

Under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration. [T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order. The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period. If the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the [motion] and the original order.

***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa. Super. 2007) (citations & quotation marks omitted). ***See also Valley Forge Ctr. Assocs.***, 693 A.2d at 245 ("[A]lthough a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition.").

Turning to the present matter, on July 18, 2022, the trial court entered an order granting EAS's motion to strike REI's mechanics' lien claim. On August 15th, REI filed a motion for reconsideration — two days before the expiration of the appeal period on August 17th. REI did not simultaneously

file a notice of appeal. Thus, the trial court facially exceeded its authority pursuant to Section 5505 and Rule 1701, when it granted reconsideration of its July 18th order on September 2, 2022, 16 days after the appeal period expired.

Nevertheless, in its opinion, the trial court maintains that despite the jurisdictional time restrictions cited above, all courts retain the authority to open or vacate a final judgment after the 30-day appeal period when there is "extraordinary cause" requiring the court's intervention. Trial Ct. Op. 11/4/22, at 3. Here, the court opined:

> "Extraordinary cause" exists when some action or oversight by the court deprives a litigant of its appella[te] rights. **See Jackson ex rel. Sanders v. Hendrick**, 746 A.2d 574, 576 (Pa. 2000) (plurality opinion) (extraordinary cause where trial court's failure to memorialize and file oral order would force litigant to forfeit appellate rights); **Mfrs. & Traders Tr. Co.**[,] 108 A.3d [at] 921 [ ] (extraordinary cause where court error prevented litigant from receiving notice of final order). **But see Luckenbaugh v. Shearer**, 523 A.2d 399, 401 (Pa. Super. 1987) (extraordinary cause "generally" where error in judicial process prevents losing party from receiving notice). While extraordinary cause generally revolves around the litigant's notice of a final order, the Superior Court has historically accounted for other court errors in its reasoning. **See Great Am. Credit Corp. v. Thomas Mini Markets, Inc.**, 326 A.2d 517 (Pa. Super. 1974) (analysis including court misplacing appellant's motion to detriment of appellate rights).
>
> Here, [REI] filed their motion for reconsideration on August 15, 2022, within Section 5505's thirty-day window. The trial court agrees that had it merely failed to act upon [REI's] timely motion for reconsideration, extraordinary cause would not exist. **See Simpson v. Allstate**, 504 A.2d [335, 337-38] (Pa. Super. 1986). However, the court was unaware of the filing — or any subsequent filings by the parties — until August 30, 2022, when the Prothonotary's Office delivered the file. It is unclear exactly why

- 13 -

fifteen days passed from the date of filing to the date this court received the motion for reconsideration, but the Prothonotary's Office is generally known to be chronically understaffed and backlogged. The delay prevented the court from knowing of the time-sensitive issue and from making a timely decision, thus forcing [REI] to forfeit their appellate rights. This failure of the judicial process constitutes an "extraordinary cause" worthy of the court's intervention.

The trial court did not err in granting [REI's] motion for reconsideration nor in vacating its initial order, notwithstanding the fact that Section 5505's window for appeal had run, because there was an extraordinary cause to justify intervention.

Trial Ct. Op. at 3-4.

Although we recognize that "extraordinary cause" can justify a trial court's decision to reconsider or vacate a final order more than 30 days after its entry, we conclude the trial court erred when it determined that such "extraordinary cause" was present in this case.

As this Court explained in **Mfrs & Traders Tr. Co.**, **supra**:

Our cases have referred to several circumstances under which a trial court may modify a final order after more than 30 days have passed: "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of 'extraordinary cause justifying intervention by the court.'" **ISN Bank v. Rajaratnam**, 83 A.3d 170, 172 (Pa. Super. 2013).

A court may open at any time a judgment procured by fraud. For example, in **First Union Mortgage Corp. v. Frempong**, 744 A.2d 327, 334–35 (Pa. Super. 1999), we held that a trial court had the authority to modify a final *in rem* judgment five years after its entry. Because of the defendant's use of aliases and corporate alter egos, fraudulent court filings, frivolous bankruptcy and removal petitions, and dilatory tactics, the original judgment amount no longer reflected what he owed to the plaintiffs. **Id.**

**"Extraordinary cause" refers to "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry**

- 14 -

> **of final judgment so that the commencement of the running
> of the appeal time is not known to the losing party."** *Orie
> v. Stone*, 601 A.2d 1268, 1271 ([Pa. Super.] 1992) (quotation
> omitted) (emphasis removed), ***appeal dismissed as
> improvidently granted***, 622 A.2d 286 ([Pa.] 1993). For
> example, in ***Estate of Gasbarini v. Medical Center of Beaver
> County, Inc.,*** 409 A.2d 343, 344–45 (Pa. 1979), unbeknownst to
> the plaintiff, her attorney had been suspended from the practice
> of law when the defendants successfully argued for dismissal of
> the case on their preliminary objections. Our Supreme Court held
> the trial court could reopen the otherwise final judgment, because
> "it would be harsh, indeed, to hold that [the plaintiff's] possible
> cause of action be lost forever because of the conduct of an
> attorney this court has deemed unfit for the practice of law in this
> Commonwealth." ***Id.*** at 345.

*Mfrs & Traders Tr. Co.*, 108 A.3d at 919 (emphasis added).

Nevertheless, we have emphasized that "extraordinary cause" justifying

a trial court's decision to modify a final order more than 30 days after its entry

is "limited in nature." *Mfrs & Traders Tr. Co.*, 108 A.3d at 919; *see*

*Simpson*, 504 A.2d at 337 (stating "the discretionary power of the court over

[final] judgments is very limited."). Notably, we have held that "mistakes or

ordinary neglect by counsel do not constitute extraordinary circumstances."

*Mfrs & Traders Tr. Co.*, 108 A.3d at 919. *But see Estate of Gasbarini*,

409 A.2d at 344-45 (plaintiff attorney's suspension from practice of law at the

time trial court sustained preliminary objections and dismissed complaint —

unbeknownst to plaintiff — constituted extraordinary cause justifying court's

order opening judgment). Furthermore, "[w]e have also held that

extraordinary cause **does not exist** where a party has notice of the entry of

a final order." *Mfrs & Traders Tr. Co.*, 108 A.3d at 919 (emphasis added).

In the present case, REI does not dispute it had notice of the trial court's July 18th final order striking the mechanics' lien claim; indeed, it filed a motion for reconsideration within the 30-day appeal period. Rather, the error here was of its own making — REI failed to file a notice of appeal concomitant with its motion for reconsideration in order to preserve its appellate rights pursuant to Pa.R.A.P. 1701(b)(3). **See Valley Forge Ctr. Assocs.**, 693 A.2d at 245.

Recognizing this Court's disinclination to find extraordinary cause when a litigant received timely notice of the entry of a final order, the trial court cites our decision in **Great Am. Credit Corp.**, **supra**, for the proposition that "the Superior Court has historically accounted for **other court errors**" in affirming a trial court's decision to vacate a judgment after the expiration of the appeal period. **See** Trial Ct. Op. at 4 (emphasis added). However, the court's reliance on **Great Am. Credit Corp.** to justify its actions herein is misplaced.

First, **Great Am. Credit Corp.** was decided prior to the enactment of both Section 5505, which authorizes a trial court to modify or rescind an order within 30 days after its entry, and Pa.R.A.P. 1701. **See** 42 Pa.C.S. § 5505 (eff. Jun. 27, 1978); Pa.R.A.P. 1701 (eff. Jul. 1, 1976).

Second, the relevant facts in that case are distinguishable. In **Great Am. Credit Corp.**, the guarantor of an installment note moved for summary judgment in an action to recover the balance due. **Great Am. Credit Corp.**, 326 A.2d at 518. The court granted it as uncontested when the appellee failed to file a timely answer. **Id.** However, the court later learned that the appellee

had requested an extension of time, but it was "inadvertently mislaid in transmission through court processes." *Id.* (record citation omitted). After the appeal period expired, the court vacated the order granting summary judgment and dismissed the motion; the guarantor then filed a timely appeal. *Id.*

In affirming the trial court's grant of relief to the appellee, a panel of this Court highlighted "the inherent power of the courts of this Commonwealth to act where equity so demands[,]" and noted that the trial court recognized it had "improvidently" granted summary judgment "because of its own error." *See Great Am. Credit Corp.*, 326 A.2d at 519. The panel agreed with the trial court's decision not to "penalize" the appellee for the "court's oversight" particularly when the appellee assumed his extension request had been granted and had filed an answer within the extended time period. *See id.* In a footnote, the panel further explained:

> [T]he appellee avers that he received a telephone call stating that his requested extension had been granted and that a copy of appellee's letter to the court requesting an extension was sent to [guarantor's] counsel. Moreover, the delay between the entering of the first Order and the second was, in part, occasioned by the fact that **appellee never received notice that the motion for summary judgment had been granted**. He had filed an answer and was apparently under the impression that the court was considering the case on the merits as presented in the motion and answer.

*Id.* at 520 n.5 (emphasis added)

Thus, while at first glance, **Great Am. Credit Corp.** appears to lend support to the trial court's decision, the trial court overlooks the fact that the

aggrieved party in that case — unlike here — did **not** receive timely notice of the entry of the final order.  Indeed, in subsequent decisions, this Court has distinguished **Great Am. Credit Corp.** on that fact.  **See Mfrs & Traders Tr. Co.**, 108 A.3d at 921 (explaining that in **Great Am. Credit Corp.**, "the trial court's oversight deprived the defendant of notice that it had entered a final order, triggering the appeal period[,]" but that the aggrieved party in present case "never alleged it was unaware" the trial court entered final, appealable order); **Luckenbaugh**, 523 A.2d at 402 (stating that decision affirming trial court's actions in **Great Am. Credit Corp.** was "for two main reasons[:]"  (1) court or staff misplaced appellee's extension request; **and** (2) appellee "**never received notice**" of entry of final order) (emphasis added).  Accordingly, we conclude the trial court erred when it found the existence of "extraordinary cause" justifying its decision to vacate its July 18th final order more than 30 days after it was entered.

Because we agree the trial court had no jurisdiction to vacate its final order striking REI's mechanics' lien claim more than 30 days after the order was entered, we are constrained to vacate the court's September 2, 2022, order.  Further, we direct the trial court to reinstate its July 18, 2022, order striking REI's mechanics' lien claim.

Our disposition of this issue renders EAS's final claim — which challenges the substantive merit of the court's September 2nd order — moot. As this Court has explained, a trial court's "inherent authority to correct mistakes or errors . . . does not allow a court to make substantive changes after more

than 30 days have passed." **Mfrs & Traders Tr. Co.**, 108 A.2d at 921. Thus, the propriety of the court's July 18th order is not before us.[11]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023

_____

[11] Nevertheless, despite the fact that our proverbial hands are tied as a result of REI's failure to file a timely notice of appeal, we agree that the trial court's July 18th order was erroneous. As the trial court subsequently recognized, this Court has held that a sheriff's return of service satisfies the "affidavit of service" requirement of Section 1502(a)(2) of the Mechanics' Lien Law. **See** Trial Ct. Op. at 3 n.4, *citing* **J.H. Hommer Lumber Co., Inc. v. Dively**, 584 A.2d 985, 987 (Pa. Super. 1990). Moreover, EAS's assertion that "the holding in **J.H. Hommer** was overruled by the Pennsylvania Supreme Court in its 2021 decision," **Terra Firma, Bldrs, LLC v. King**, 249 A.3d 976 (Pa. 2021), is simply incorrect. **See** EAS's Brief at 26 n.5. The **Terra Firma** Court made no mention of the **J.H. Hommer** decision, nor did the Court address the propriety of a sheriff's return of service as a substitute for an affidavit of service — in fact, in that case, the aggrieved party "concede[d] it never filed an affidavit of service" for the mechanics' lien claim. **See Terra Firma, Bldrs, LLC**, 249 A.3d at 981.