**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MOJIRADE JAMES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINETTE MCMANUS, LOUISE | : | No. 1162 EDA 2024 |
| MARZULLI, TIVOLI CONDOMINIUM | : | |
| ASSOCIATION, EAGLE | : | |
| INSPECTIONS, ERIC SCHARDINGER | : | |

Appeal from the Order Entered March 21, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200601149

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MAY 15, 2025**

Mojirade James ("James") appeals from the trial court's order clarifying the amount of the judgment entered in favor of James and against Ginette McManus[1] ("Appellee") in this proceeding under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[2] For the reasons discussed below, we affirm.

Because of our resolution of this matter, we need not discuss in depth the facts underlying James's claim, except to note that, following a trial, a jury awarded James $43,300.00 in damages against Appellee. **See** Trial Court

---

[1] The remaining defendants are not a party to this appeal.

[2] **See** 73 P.S. 201-1, *et seq*.

Opinion, 5/17/24, at 1. James subsequently filed a post-trial motion seeking treble damages, attorneys' fees, and costs pursuant to 75 P.S. § 201-9.2(a). *See* James's Amended Post-Trial Motion, 3/29/23, at 2 (unnumbered). James attached a proposed order to the motion. *See id*. at Order. The trial court subsequently denied in part and granted in part James's motions. Rather than drafting its own order, the trial court adapted James's proposed order with cross-outs and additions. *See* Order, 4/14/23, at 1 (unnumbered). In pertinent part, the order reads:

> IT IS FURTHER ORDERED that in addition to the damages awarded by the jury, the Plaintiff Mojirade James is hereby NOT awarded treble damages ~~$96,000.00~~ $86,500 ~~attorneys'~~ attorneys' fees in the amount of $1~~,000.00~~ and costs, including expert fees, together in the amount of $7,967.89, for a ~~total additional award~~ of $137,767.89

Order, 4/14/23, at 1 (unnumbered).

In May 2023, James's then counsel, Denise A. Kuestner, Esquire ("prior counsel") praeciped for entry of judgment, which the prothonotary entered in the amount of $137,767.89, which constituted the original jury verdict, and attorneys' fees and costs. *See* Praecipe to Enter Judgment, 5/19/23, at 1 (unnumbered). Neither party appealed.

Contentious proceedings to collect on the judgment ensued. At some point, James hired current counsel, Glenn A. Brown, D.M.D., Esquire ("current counsel"). In December 2023, current counsel filed a praecipe for a writ of execution in the amount of $137,767.89. *See* Praecipe for a Writ of Execution,

12/6/23, at 1 (unnumbered). Late that month, current counsel filed a separate praecipe to enter judgment on the verdict in the amount of $43,300.00. *See* Praecipe to Enter Judgment on the Verdict, 12/18/23, at 1 (unnumbered).

In January 2024, in response to opposing counsel's motion to withdraw, current counsel, for the first time, informed the court he believed the total amount of damages was the $137,767.89 of damages the court awarded (that included the jury award, attorneys' fees and costs) plus an additional $43,300.00, for a total award of $181,067.89. *See* Opposition to Motion to Withdraw as Counsel, 1/19/24, at 1. Later that month, current counsel filed a praecipe to enter judgment on the final verdict and/or order in the amount of $181,067.89. *See* Praecipe to Enter Judgment on the Verdict and/or Order, 1/31/24, at 1 (unnumbered).

In February 2024, Appellee filed a motion to clarify the judgment asserting the correct amount of the award was the $43,300.00 awarded by the jury, plus attorneys' fees in the amount of $86,500.00, and costs in the amount of $7,967.89 for a total of $137,767.89, the amount for which James originally praeciped. *See* Motion to Amend Judgment, 2/8/24, at 1 (unnumbered). A hearing on the motion took place in March 2024. Current counsel unsuccessfully argued the original praecipe prior counsel filed was incorrect and the total verdict was $181,067.89. *See* N.T., 3/21/24, at 9-12. Current counsel based this argument on prior counsel's use of the word

- 3 -

"additional" in the proposed order, which the trial court should have blacked out but did not. *See id*.[3] The court issued a new, oral order identical to the April 14, 2023, order except instead of referring to "a total additional award" it stated the amount was the "a total award" of $137,767.89 *See id*. at 15. James moved for reconsideration, which the trial court denied. *See* Order, 4/3/24, at 1 (unnumbered). The instant appeal followed.[4] Subsequent to the filing of this appeal, James praeciped to enter judgment in the amount of $94,467.89, the amount of the expert fees and attorneys' fees. *See* Praecipe to Enter Judgment on the Order, 4/25/24, at 1 (unnumbered).

On appeal, James presents the following issue for our review:

1) Whether the March 21, 2024 order granting reconsideration of, and making modifications to, the April 17, 2023 final order by striking the words "additional award" from the phrase "total additional award of $137,767.89" (leaving the phrase "total of $137,767.89"), resulting in a reduction of $43,300.00 from the $181,067.89 total award to [James], exceeded the [trial court's] inherent power to correct obvious and patent mistakes, and the power to correct formal error under Pa.R.A.P. 1701(b)(1) because the order made substantive modifications resulting in a reduction of $43,300.00 from the award to [James], and the April 17, 2023 order contains no patent and obvious mistake, is not incompatible with the record, and is not incompatible with black letter law, thereby rendering the March 21, 2024 Order a legal nullity?

_____

[3] Although the trial court initially accused current counsel of attempting to perpetrate fraud on the court, the court acknowledged the possibility of good faith mistake and further very clearly stated that it had never intended an award of damages in excess of $137,767.89. *See id*. at 9, 13.

[4] James and the trial court complied with Pa.R.A.P. 1925.

- 4 -

James's Brief at 1-2 (capitalization and punctuation regularized).

Prior to addressing the merits of this appeal, we must first decide whether the matter is properly before us. The appealability of an order directly implicates the jurisdiction of the court asked to review the order. ***See Siana v. Noah Hill, LLC***, 322 A.3d 269, 275 (Pa. Super. 2024). This Court has the power to inquire at any time, *sua sponte*, whether an order is appealable. ***See id***. Pennsylvania law makes clear:

> An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b) ); or (4) a collateral order (Pa.R.A.P. 313).

***Bloome v. Alan***, 154 A.3d 1271, 1273 (Pa. Super. 2017) (internal brackets, quotation marks, and some citations omitted).

"A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court." ***Joseph F. Cappelli & Sons, Inc. v. Keystone Custom Homes, Inc.***, 815 A.2d 643, 648 (Pa. Super. 2003) (citation omitted); ***see also*** Pa.R.A.P. 341(b)(1).

Here, the revised order is a final, appealable order. ***See Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 579 (Pa. Super. 2003) (declining to quash appeal as interlocutory where trial court issued an order modifying a final judgment and the appellants appealed within thirty days of the date of that order). Thus, we will reach the merits of James's claim.

In her only issue on appeal, James contends the trial court issued an untimely order granting Appellee's "motion for reconsideration" and reducing the judgment in this matter by $43,300.00. **See** James's Brief at 12-30.

The trial court explained it did not grant reconsideration but rather clarified the order to correct James's misunderstanding of the verdict, which is permitted at any time. **See** Trial Court Opinion, 5/17/24, at 6. The court notes the only change to the order was to remove the word "additional." **See id**. at 6-7.

This case presents a pure question of law; therefore, our standard of review is plenary, and our scope of review is *de novo*. **See In re Estate of Tomcik**, 286 A.3d 748, 758 (Pa. Super. 2022). Pennsylvania law provides a court "upon notice to the parties may modify or rescind any order **within 30 days after its entry**, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S.A. § 5505 (emphasis added). However, Section 5505 does not impinge on the trial court's inherent power to correct any patent or obvious mistakes in its orders. **See In re K.R.B**., 851 A.2d 914, 918 (Pa. Super. 2004) (citations omitted) (finding "[u]nder limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes"). A trial court has:

> inherent power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record at any time. However, [a] major substantive change, such as the total withdrawal of an

order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority. Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (*e.g.*, wrong dates) but no substantive changes can be made.

***Manufacturers & Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 921 (Pa. Super. 2015) (internal citations and quotation marks omitted, emphasis added).

Moreover, our Supreme Court held a trial court can open an unappealed judgment beyond the thirty-day deadline "if fraud or other equitable considerations required the granting of such relief." ***Gasbarini's Estate v. Medical Center of Beaver County, Inc.***, ***Rochester Division***, 409 A.2d 343, 345 (Pa. 1979) (citations omitted). Citing ***Gasbarini's Estate***, in ***First Union Mortgage Corp. v. Frempong***, 744 A.2d 327 (Pa. Super. 1999), this Court affirmed a trial court's acts of opening a judgment more than five years after its entry and altering it to allow for the payment of additional fees and costs where the defendant's dilatory tactics caused additional expenses to plaintiff which were not accounted for in the original judgment. ***See id***. at 334-35.

Here, James fails to acknowledge current counsel's at best mistaken actions forced the trial court to act. While the trial court's April 2023 order was inartful, the record cited above reflects that prior counsel understood the amount of damages was the jury's award of $43,300.00 plus attorneys' fees of $86,500.00, and costs in the amount of $7,967.89 for a total of

$137,767.89. Assuming, *arguendo*, current counsel is not bound by his predecessor's action, current counsel has not provided a credible explanation for his interpretation of the April 2023 order as doubling the jury award to reach the figure of $181,067.89 he says is due, or offer any basis in law for the trial court to double a jury award *sua sponte*, which is what the requested figure represents. Moreover, current counsel does not offer any legal basis for failing to move either to open or strike the judgment in *lieu* of filing **multiple** praecipes to enter judgment in **different amounts**.

Under these circumstances, Appellee properly filed a motion seeking clarification, not as James claims, a reconsideration of the amount of the original judgment. The trial court appropriately held a hearing, where it attempted to explain to current counsel why his interpretation of the April 2023 order was incorrect. **See** N.T., 3/21/24, at 11-14. We have no hesitation in concluding that the trial court did not err in clarifying the judgment. **See Manufacturers & Traders Trust Co.**, 108 A.3d at 921; **see also Tomcik**, 286 A.3d at 759-60 (affirming Orphans' Court's clarification of a prior, unartfully worded order, where counsel either mistakenly or willfully persisted in misunderstanding the order). Moreover, even if we were to find the trial court's action constituted more than a clarification, the equities in this matter clearly support intervention and the issuance of a new order, where, as here, current counsel attempted, without factual or legal support, to double

- 8 -

the amount of money the jury awarded to James.  ***See Gasbarini's Estate***, 409 A.2d at 345;  ***First Union Mortgage Corp.***, 744 A.2d at 334-35.

Accordingly, for the reasons discussed above, we affirm the order of the trial court.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2025